

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-6-2007

# Dutton v. Domestic Relations

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5168

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Dutton v. Domestic Relations" (2007). *2007 Decisions.* Paper 1670.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1670

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-5168
_____

KELLY DUTTON,
Appellant

v.

COURT OF COMMON PLEAS OF PHILADELPHIA
DOMESTIC RELATIONS DIVISION


_____


On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 05-cv-02962)
District Judge: Honorable Berle M. Schiller
_____


Submitted Under Third Circuit LAR 34.1(a)
December 15, 2006

BEFORE: SLOVITER, McKEE and AMBRO, CIRCUIT JUDGES

(Filed: February 6, 2007)


_____

OPINION
_____


PER CURIAM

Kelly Dutton appeals the order of the United States District Court for the Eastern

District of Pennsylvania granting the defendant's motion to dismiss his lawsuit and

denying his motions for injunctive relief. We will affirm.

On June 23, 2005, Dutton filed his complaint against the defendant, the Court of Common Pleas of Philadelphia Domestic Relations Division ("Court of Common Pleas" or "Family Court"), alleging that he disputes the amount of his child support obligation in arrears. Specifically, he asserted that his child support obligation was terminated in 1996, at which time he owed slightly more than $10,000.00, but according to the Court of Common Pleas, he owes more than $20,000.00; a bench warrant for him was issued on June 9, 2005. Dutton further contended that he had filed for bankruptcy protection on May 19, 2005, but he was told that bankruptcy law does not apply to Family Court. He sought the District Court's clarification on this issue of bankruptcy law. Dutton also filed a motion to enjoin the defendant from acting on the bench warrant pending the resolution of the matter. The defendant filed a motion to dismiss the complaint. Dutton then filed a motion to terminate the bench warrant, attaching a copy of an updated notice issued by the Family Court.

By order entered November 17, 2005, the District Court granted the defendant's motion to dismiss. First, to the extent that Dutton brought suit under 28 U.S.C. § 1983, the District Court held that the Court of Common Pleas is not a "person" subject to section 1983 liability. Second, the District Court held that the Court of Common Pleas is immune from suit under the Eleventh Amendment. Finally, the District Court denied the motions to enjoin and terminate the bench warrant, declining to exercise jurisdiction

2

under the Younger abstention doctrine.  See Younger v. Harris, 401 U.S. 37 (1971).

Dutton appeals.

We have jurisdiction to review the District Court's order under 28 U.S.C. § 1291.

Dismissals under Rule 12(b)(6) are subject to plenary review.  Moore v. Tartler, 986 F.2d

682, 685 (3d Cir. 1993).  We also exercise plenary review over the legal determination of

whether the requirements for Younger abstention have been met, and, if so, we review for

abuse of discretion the District Court's decision to abstain.  Yang v. Tsui, 416 F.3d 199,

201 (3d Cir. 2005).

Dutton does not contest the District Court's conclusion that the Family Court is not

a "person" subject to liability under 28 U.S.C. § 1983.  We note our agreement with the

District Court on this issue.  See Callahan v. City of Philadelphia, 207 F.3d 668, 673 (3d

Cir. 2000).

Regarding the District Court's Eleventh Amendment analysis, we agree that suits

against a state are barred by the Eleventh Amendment's grant of sovereign immunity.

Dutton argues that the Eleventh Amendment only protects the state from suits involving

state matters and does not apply to the alleged bankruptcy law violations by the Family

Court.  Dutton provides no authority for his position, and indeed, he is mistaken.

Notably, we have held that the First Judicial District of Pennsylvania, which includes the

Court of Common Pleas of Philadelphia, was entitled to Eleventh Amendment immunity

as a state entity with respect to a federal claim under the Americans with Disabilities Act.

3

Benn v. First Judicial Dist. of Pa., 426 F.3d 233, 235 n.1, 240-41 (3d Cir. 2005).  Such immunity functions as an absolute bar to suit.  See id. at 241.  We agree that the Family Court is immune from suit in this matter.

Lastly, Dutton disagrees with the District Court's application of the abstention doctrine of Younger in denying his motions to enjoin and terminate the enforcement of the Family Court bench warrant.[1]

Upon consideration of the arguments in Dutton's brief, and upon review of the District Court record, we will affirm the District Court's judgment.

4

---

[1]  In view of our disposition of this matter on the basis of immunity, we need not discuss the applicability of the abstention doctrine.