**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2667
_____

KAI LYMAN,
                    Appellant

v.

PHILADELPHIA COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION;
THE HONORABLE MARGARET T. MURPHY, Administrative Judge;
ANNE MARIE B. COYLE, Trial Judge
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-16-cv-05191)
District Judge: Honorable Juan R. Sanchez
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 5, 2018
_____

Before:  AMBRO, JORDAN, and VANASKIE, *Circuit Judges*

(Filed: September 24, 2018)
_____

OPINION[*]
_____

_____

    [*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

VANASKIE, *Circuit Judge*.

Appellant Kai Lyman, Esq., proceeding *pro se*, appeals the District Court's June 29, 2017, Order dismissing his 42 U.S.C. § 1983 action for alleged violations of his constitutional rights in connection with state court child support and alimony proceedings, and the District Court's August 14, 2017, Order denying his motion to amend his complaint. For the reasons that follow, we will affirm the District Court's Orders.

## I.

Lyman and his ex-wife initiated a no-fault divorce proceeding and child support/alimony action before the Domestic Relations Division of the Philadelphia Court of Common Pleas ("DRD"). The case was assigned to the Honorable Anne Marie B. Coyle, who entered orders compelling Lyman to make alimony and child support payments. Lyman thereafter filed petitions to modify the underlying support order ("modification petitions"). While the modification petitions were pending, and notwithstanding Lyman's assertions that he lacked the wherewithal to comply with the support order, Judge Coyle entered enforcement orders on October 29, 2014, and April 21, 2015, requiring Lyman to make support payments of $12,000 and $5,000. She entered the enforcement orders without lifting an existing injunction that prevented him from accessing his retirement account funds, which, he contends, were his "only material asset." (Pl.'s Resp. Br. at 5-6, 12.)

2

Judge Coyle subsequently found Lyman in civil contempt for failing to satisfy the $12,000 support payment, and ordered his imprisonment. Since Lyman only had $1,500 in his bank account at the time, a relative paid $12,000 to secure Lyman's release.

On October 7, 2015, DRD retroactively ruled on Lyman's modification petitions and decreased his support payments, making them more proportional to his financial means. In June of 2016, DRD approved a no-fault divorce and settled Lyman's ex-wife's remaining alimony claims. Lyman, however, did not receive a copy of the divorce decree until one day after the appeal period ended, and he filed for permission to appeal the decree *nunc pro tunc*. The state court ultimately denied his petition.

On September 29, 2016, Lyman filed an action pursuant to 42 U.S.C. § 1983 against DRD and two Court of Common Pleas judges, the Honorable Margaret T. Murphy[1] and Judge Coyle (together, "Defendants"), alleging infringements of his Fourth, Sixth, and Fourteenth Amendment rights, as well as his state constitutional rights, stemming from the state court's enforcement and contempt orders. Specifically, Lyman alleged that Defendants violated his rights by trying to enforce a support order, subject to modification petitions that had not yet been ruled on, that did not accurately reflect his "continuing inability to find employment comparable to that held by him when the orders of support were first entered." (App. at 38.) Additionally, Lyman alleged that DRD should have given him an opportunity to settle with his previous employer before entering the support orders. Lyman also contended that he was prejudiced by not having

---

[1] Lyman's complaint does not indicate what role Judge Murphy played in the state court proceedings.

counsel appointed for him at his civil contempt proceeding. For relief, Lyman sought monetary damages, a mandatory injunction compelling Defendants to deliver information pertaining to the enforcement orders and to refrain from further violating his constitutional rights, and a declaration that Defendants violated his constitutional rights. (*Id.* at 44.)

Defendants moved to dismiss Lyman's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), and for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). They argued that the Domestic Relations Exception, the *Rooker-Feldman* doctrine's jurisdictional bar,[2] *Younger* abstention,[3] Eleventh Amendment sovereign immunity, and the judicial immunity doctrine barred consideration of Lyman's claims on the merits. (App. at 7.)

The District Court first determined that the Domestic Relations Exception to federal jurisdiction did not apply because Lyman was not seeking a divorce, alimony, or child custody modification or issuance. (*Id.* at 9.) Next, the Court held that the *Rooker-Feldman* doctrine barred consideration of Lyman's claims seeking relief for injuries caused by the enforcement orders because they were inextricably connected with the state court proceedings. The Court invoked *Younger* abstention to the extent Lyman's claims sought prospective relief with respect to ongoing state proceedings. The Court then

---

[2] *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

[3] *Younger v. Harris*, 401 U.S. 37 (1971).

extended Eleventh Amendment immunity to DRD for all of Lyman's claims, finding that the state entity is not a "person" for purposes of § 1983.  The Court also extended Eleventh Amendment immunity to Judges Coyle and Murphy in their official capacities, as well as judicial immunity to the judges in their individual capacities, for Lyman's claims seeking monetary relief.  The Court also found that the Federal Courts Improvement Act of 1996 ("FCIA") barred Lyman's claims seeking injunctive relief against the judges.  Finally, the Court held that Lyman's claims for declaratory relief to remedy past conduct must also fail.  The Court thus granted Defendants' motion to dismiss with prejudice.

Lyman filed a Notice of Appeal, which was stayed by the District Court pending the disposition of his Motion to Reopen, Amend, and/or Relief from Judgment.  The District Court denied his motion, and we dismissed his appeal for failure to timely pay the requisite filing fees.  We subsequently granted Lyman's motion to reopen his appeal once he paid the filing fee.  Defendants, now "Appellees," moved to be excused from filing a brief, arguing that the issues Lyman raises on appeal were correctly resolved by the District Court and that it would be a waste of resources and time to file a response brief.  We granted their motion.  Lyman has since moved for leave to file an amended brief, which will be granted.  Our analysis is predicated on the amended brief, electronically served and filed on March 5, 2018.

## II.

We have jurisdiction under 28 U.S.C. § 1291, and we exercise plenary review "where the District Court dismisses for lack of subject matter jurisdiction."  *Gould Elec.*

5

*Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).  We "may affirm the District Court's judgment on any basis supported by the record."  *Murray v. Bledsoe*, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

### III.

On appeal, Lyman first argues that the District Court erred by denying his motion for leave to amend his complaint as a *pro se* litigant.  Next, he argues that the District Court erred in relying on *Rooker-Feldman*, *Younger* abstention, sovereign immunity and judicial immunity to dismiss his complaint.

### A.

"Courts are to construe complaints so as to do substantial justice, . . . keeping in mind that *pro se* complaints in particular should be construed liberally."  *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) (internal citation and quotation marks omitted).  Courts should allow *pro se* litigants in civil rights cases to amend their complaints "unless doing so would be inequitable or futile."  *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007).

Lyman seeks to amend his complaint as a *pro se* litigant and advance new theories in light of facts that have arisen since the filing of his original complaint.  We suspect that Lyman—a licensed Pennsylvania attorney—is not the sort of *pro se* litigant contemplated by the liberal pleading standard.  Regardless, it would be futile to allow Lyman to amend his complaint, since, as explained below, his claims arising from the state court domestic relations proceedings are barred under the *Rooker-Feldman* doctrine.

### B.

"The *Rooker-Feldman* doctrine bars federal jurisdiction under two circumstances: if the claim was 'actually litigated' in state court or if the claim is 'inextricably intertwined' with the state adjudication." *ITT Corp. v. Intelnet Int'l Corp.*, 366 F.3d 205, 210 (3d Cir. 2004) (citations omitted). The Supreme Court has stated that the scope of the *Rooker-Feldman* doctrine is "narrow," confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced . . . ." *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). There are four requirements for invocation of the *Rooker-Feldman* bar: "(1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments, (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (internal quotation marks, brackets, and citation omitted). We have stated that "[t]he second and fourth requirements are the key to determining whether a federal suit presents an independent-non-barred claim." *Id.* at 166. As we have explained, "[a] useful guidepost is the timing of the injury, that is, whether the injury complained of in federal court existed prior to the state-court proceedings and thus could not have been 'caused by' those proceedings." *Id.* at 167 (citation omitted).

We find that all four requirements under *Rooker-Feldman* are met. First, Lyman lost in state court when DRD entered enforcement orders against him and ordered his

7

imprisonment following civil contempt proceedings. Second, Lyman complains of injuries caused by the state court judgments, namely, that the October 29, 2014, enforcement order "made no finding regarding [his] present ability to comply with the support order or the purge amount," and that the civil contempt proceedings took place without provision of counsel for him. (App. at 42.) Third, the state court judgments were finalized before Lyman filed his federal action. And fourth, we undoubtedly would have to review the state court's judgments to determine whether DRD improperly entered the enforcement orders without considering certain factors. It thus follows that the District Court lacked subject matter jurisdiction to entertain Lyman's claims.

## IV.

For the foregoing reasons, we will affirm the Orders of the District Court entered on June 29, 2017, and August 14, 2017.[4]

---

[4] Although we need not reach other grounds to affirm the dismissal of Lyman's action, we note that the District Court correctly applied Eleventh Amendment jurisprudence, the judicial immunity doctrine, and the FCIA.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. We have held that all courts in Pennsylvania's judicial districts are entitled to Eleventh Amendment immunity. *See Haybarger v. Lawrence Cty. Adult Prob. & Parole*, 551 F.3d 193, 198 (3d Cir. 2008). We note, here, that Congress did not specifically abrogate the states' Eleventh Amendment immunity in enacting § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989), and Pennsylvania has not consented to be sued in federal court. *See* 1 Pa. Cons. Stat. Ann. § 2310. We accordingly extend Eleventh Amendment immunity to the DRD for all of Lyman's claims. *See Dutton v. Court of Common Pleas of Phila. Domestic Relations Div.*, 215 F. App'x 161, 162 (3d Cir. 2007) (finding that, in a § 1983 suit in federal court against DRD, "[s]uch [Eleventh Amendment] immunity functions as an absolute bar to suit"). We also extend Eleventh Amendment Immunity to Judges Coyle and Murphy to the extent that Lyman seeks monetary relief against them in their

8

official capacities, as "such . . . relief necessarily depletes the state treasury." *Laskaris v. Thornburgh*, 661 F.2d 23, 26 (3d Cir. 1981).

Judicial officers, in the performance of their judicial duties, also enjoy absolute immunity from suit. *See Mireles v. Waco*, 502 U.S. 9, 12 (1991). "The doctrine . . . is founded upon the premise that a judge, in performing his or her judicial duties, should be free to act upon his or her convictions without threat of suit for damages." *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000). Judicial immunity is overcome in two circumstances: (1) performance of non-judicial actions; or (2) action, "though judicial in nature, taken in the complete absence of all jurisdiction." *Waco*, 502 U.S. at 11-12. Lyman's complaint alleges actions taken by Judges Coyle and Murphy in connection with his state court divorce and support proceedings, including the enforcement of support orders and the finding of civil contempt. Lyman has not shown that the judges were performing duties that were non-judicial in nature, or that they lacked jurisdiction over his state court actions. Thus, the state court Judges are entitled to judicial immunity on Lyman's claims seeking monetary relief against them in their individual capacities.

Finally, § 309(c) of the FCIA amended section 1983 to provide that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Pub. L. No. 104–317, § 309(c); 110 Stat. 3847, 3853 (1996). Since Lyman has not alleged that the judges violated a declaratory decree or that declaratory relief was unavailable, and because the injunctive relief sought by Lyman only addresses actions taken by the judges in their judicial capacities, his claims for injunctive relief are barred. *See Azubuko v. Royal,* 443 F.3d 302, 303–04 (3d Cir. 2006).